UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHIRRON M. ADAMS-GATES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-14393-ADB |
| | * | |
| GEORGE W. BUSH, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

April 10, 2015

BURROUGHS, D.J.

Shirron M. Adams-Gates brings this civil rights action in which she alleges that former President George W. Bush, President Barack Obama, the White House, and the United States Department of Justice ("DOJ") have violated and continue to violate her privacy rights through electronic surveillance. She also seeks to regain custody of her four children. For the reasons set forth below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

**I.     Background**

In her complaint, filed on November 28, 2014,[1] Adams-Gates alleges that the defendants have conspired to harass and invade her privacy through invasive electronic surveillance. According to the plaintiff, President Bush had a device implanted into her stomach which broadcasts thoughts and images to her mind. Adams-Gates also asserts that the defendants speak to her through the device; she further claims that the defendants have "tapped and wired" all of

---

[1] This action was originally assigned to another Judge. The case was reassigned to the undersigned on February 19, 2015, as part of a random reassignment of pending cases.

her electronic devices. She alleges that the defendants are everywhere (including in her bedroom and shower), continually speaking to her and disrupting her thoughts. According to her, "nowhere is safe." Adams-Gates further claims that the defendants have observed her having sex, and she characterizes the alleged electronic invasion as rape, sexual harassment, battery, and exploitation. She also maintains that the defendants have interfered with her financial affairs and have stolen money from her church.

Adams-Gates reports that in 2007, upon the recommendation of Reverend Jesse Jackson, she filed a case with the DOJ. The plaintiff states that she wrote to the DOJ as often as twice a week, and that she included in this correspondence ideas as to how the country might be saved. She complains that when she contacted the DOJ in 2013 as to the status of her claim, she was told that her record had been lost. The plaintiff believes that her record was not lost but rather sabotaged, and that the disappearance of her record is proof of the defendants' conspiracy against her.

Adams-Gates asks for the return of her four children, the removal of the chip from her body, the termination of the illegal surveillance program described above, privacy, a restraining order, and monetary damages.

In documents submitted after the filing of the original complaint, the plaintiff has asked for appointment of counsel (#8) and for the return of her four children (#17). She has also filed numerous letters and requests making allegations against the defendants similar to those asserted in her original complaint. Adams-Gates further complains in these letters about the conduct of the Commonwealth's Department of Children and Families ("DCF") and her efforts to regain custody of her four children. She asks that the Court order that she be reunited with her children.

In calls to the Clerk's office, the plaintiff has repeatedly complained about the lack of Court action on this case and has expressed outrage about what she believes is the loss of documents by a Court employee.

## II. Discussion

### A. Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion for leave to proceed in forma pauperis, the Court concludes she is without income or assets to pay the $400.00 filing fee. The motion is therefore granted.

### B. Screening of the Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

After careful review, the Court concludes that this complaint falls short of the threshold established by the screening statute. Under Rule 8 of the Federal Rules of Civil procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the complaint must allege specific facts

that allow a court "to draw the reasonable inference that the defendant is liable for the alleged misconduct." Id.

Here, the plaintiff's allegations of a broad conspiracy by former and current government officials that includes the planting of an electronic chip within the plaintiff's body, the transmission of her thoughts to the defendants, and the defendants' speaking to her through the chip, do not meet the plausibility requirement of Rule 8. The plaintiff has not alleged sufficient concrete, specific facts from which the Court may reasonably infer that the defendants have engaged in a conspiracy to violate her privacy through electronic surveillance and the invasion of her person. Adams-Gates points to the DOJ's alleged sabotage of her 2007 claim as proof of a larger conspiracy, but that single factual allegation does not reasonably support the allegation of a larger, insidious government design involving the use of mind-invasion technology on the plaintiff. The plaintiff has not presented specific factual allegations that would move her claims across the line to plausible. See Twombly, 550 U.S. at 570.

Further, to the extent that the plaintiff seeks this Court's assistance in custody matters, the Court is without jurisdiction to intervene. Judicial review of child custody matters and the related actions of state agencies is in the purview of the state court system.

### III. Conclusion

For the reasons stated above:

1. The plaintiff's motion for leave to proceed in forma pauperis (#2) is GRANTED.

2. The plaintiff's motion for appointment of counsel (#8) is DENIED.

3. This action is DISMISSED under 28 U.S.C. § 1915(e)(2), and any pending motions shall be terminated as moot.

The Clerk shall also send a copy of the docket sheet and "Motion For My Children To Come Home" (#17) to the plaintiff. It appears that the plaintiff believes this motion was not placed on the docket, although the record reflects that it was, in fact, filed and docketed.

**SO ORDERED.**

Dated: April 10, 2015 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE